IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

FILED IN OPEN COURT
SEP 2 1 2022
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | |
| v. | ) | CRIMINAL NO. 2:21-cr-115 |
| | ) | |
| | ) | 21 U.S.C. § 846 |
| DONTE DEMILLE HAMPTON, | ) | Drug-Trafficking Conspiracy |
| a/k/a "Messiah," | ) | (Count 1) |
| (Counts 1–7) | ) | |
| | ) | 18 U.S.C. §§ 1029(a)(4), |
| and | ) | 1029(c)(1)(A)(ii), and 2 |
| | ) | Access Device Fraud |
| JOSEPH GRULLON, | ) | (Count 2) |
| a/k/a "Jose," | ) | |
| (Counts 3–5) | ) | 18 U.S.C. § 1951(a) |
| | ) | Conspiracy to Interfere with Commerce |
| | ) | By Means of Robbery |
| Defendants. | ) | (Count 3) |
| | ) | |
| | ) | 18 U.S.C. §§ 1951(a) and 2 |
| | ) | Interference with Commerce by Means |
| | ) | of Robbery |
| | ) | (Count 4) |
| | ) | |
| | ) | 18 U.S.C. §§ 924(c)(1)(A) and 2 |
| | ) | Possession of a Firearm in Furtherance |
| | ) | of a Crime of Violence |
| | ) | (Count 5) |
| | ) | |
| | ) | 18 U.S.C. §§ 924(c)(1)(A) and 2 |
| | ) | Possession of Firearms in Furtherance |
| | ) | of a Drug-Trafficking Crime |
| | ) | (Count 6) |
| | ) | |
| | ) | 18 U.S.C. § 1349, 1343 |
| | ) | Conspiracy to Commit Wire Fraud |
| | ) | (Count 7) |
| | ) | |
| | | Criminal Forfeiture |

## SECOND SUPERSEDING INDICTMENT

September 2022 TERM – at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

### COUNT ONE

(Drug-Trafficking Conspiracy)

From in or about January 2021 and continuing thereafter until on or about June 10, 2021, the exact dates to the grand jury being unknown, within the Eastern District of Virginia, the defendant, DONTE DEMILLE HAMPTON, a/k/a "Messiah," and co-conspirators Antonio Romya Beale, a/k/a "Suave," a/k/a "Sha Suave," Deshawn Walker a/k/a "Drop" and Mandi Marie Green, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons, both known and unknown to the grand jury, to knowingly and intentionally manufacture, distribute, and possess with intent to manufacture and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and less than 50 kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A), and (b)(1)(D).

(In violation of Title 21, United States Code, Section 846.)

### COUNT TWO

(Access Device Fraud)

On or about June 10, 2021, in Norfolk, Virginia, within the Eastern District of Virginia, the defendant, DONTE DEMILLE HAMPTON, a/k/a "Messiah," knowingly and with intent to

2

defraud, had control and custody of and possessed device-making equipment, that is, a portable magnetic strip card reader and encoder primarily used for making an access device and a counterfeit access device such as a counterfeit credit card, said control, custody, and possession affecting interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 1029(a)(4), 1029(c)(1)(A)(ii), and 2.)

## COUNT THREE

(Conspiracy to Interfere with Commerce by Means of Robbery)

From on or about April 11, 2021, through on or about May 4, 2021, in the Eastern District of Virginia and elsewhere, the defendants, DONTE DEMILLE HAMPTON, a/k/a "Messiah," JOSEPH GRULLON, a/k/a "Jose," and co-conspirators Lauren Kern, a/k/a "Lolo," Benjamin Hogan, a/k/a "Sleepy," William Blake Stennett, Robert Donald Tippit and Kenneth Eric Mack, Antonio Romya Beale, a/k/a "Suave," a/k/a "Sha Suave," and Mandi Marie Green, knowingly and unlawfully combined, conspired, confederated and agreed with each other and with other persons, both known and unknown to the grand jury, to unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951.

### WAYS, MANNER, AND MEANS OF THE CONSPIRACY

1. It was part of the conspiracy for DONTE DEMILLE HAMPTON, a/k/a "Messiah" (HAMPTON) to authorize Benjamin Hogan, a/k/a "Sleepy," (Hogan), to assault and rob B.A. because B.A. owed money to Antonio Romya Beale, a/k/a "Suave," a/k/a "Sha Suave" (Beale) for

methamphetamine HAMPTON had directed Beale to "front" to B.A., and which money B.A. had failed to pay Beale back.

2. It was part of the conspiracy for Beale, and Lauren Kern, a/k/a "Lolo" (Kern), to coordinate the logistics of the robbery of B.A.

3. It was part of the conspiracy for Kern to provide Beale with a hotel room and a key to allow Beale and other co-conspirators to lure B.A. into the room for the purpose of assaulting and robbing him for his drug debt to Beale.

4. It was part of the conspiracy for JOSEPH GRULLON, a/k/a "Jose" (GRULLON), co-conspirators Hogan, Beale, William Blake Stennett (Stennett), Robert Donald Tippit (Tippit), Kenneth Eric Mack (Mack) Mandi Marie Green (Green), and other co-conspirators to enter the hotel room provided by Kern, to which B.A. had been lured, and then to assault and rob B.A.

5. In was part of the conspiracy for one of the co-conspirators to digitally record the robbery.

6. It was part of the conspiracy for Beale to send the digital recording of the robbery to Kern.

7. It was part of the conspiracy for Kern to send the digital recording of the robbery to HAMPTON.

## OVERT ACTS

The objective of the conspiracy was to make money through the robbery of drug proceeds. In furtherance of the conspiracy, and to accomplish the objective thereof, the following overt acts, among others, were committed in the Eastern District of Virginia, and elsewhere:

1. On or about April 12, 2021, Hogan texted HAMPTON and stated, in reference to B.A., "I know that, but he always doin' this sh*t and getting away with it but f*cc em I just wanted

4

to report it sorry to disturb you bos u and the family have a good night love u G," to which HAMPTON responded, "Naw you good g if we catch him u know what we gotta do im just telling you he telling you he not a real g in my eyes that's y he ducking but he got to answer for that."

2. On or about April 12, 2021, Hogan texted HAMPTON and stated, "Thank u G because this ain't the first time either," and HAMPTON responded, "You know what to do folks … Wish I can move I will slap his ass personally."

3. On or about April 12, 2021, Hogan texted HAMPTON and stated, "Dont stress me and suave will handel it soon … Im going to rest G love you and will call you tomorrow," to which HAMPTON responded, "Love".

4. On or about April 13, 2021, Beale sent an electronic message to Kern and stated, "They say [B.A.] at a hotel in Chesapeake court yard Marriot…we headed there now to check …if you want to drop the key to the room at my house in one of my cars…n I'll pay you for the room n I'm paying sleepy to come to your carpet…he said just let him know when to come." Kern responded, "Thank you!!!! … And don't worry about it I got it."

5. On or about April 13, 2021, Beale sent an electronic message to Kern that stated, "But if I get [B.A.] I'm taking him to the room so leave the key in my car…n when I leave here or get there I'll let you know if I got him or not," and Kern replied, "Ok, I'm taking the key there now." Kern followed up with a message identifying the room number as 217.

6. On or about April 13, 2021, Kern sent an electronic message to Beale with a photo of a hotel key that had been placed on top of a sun visor in a vehicle.

7. On or about April 13, 2021, Kern sent an electronic message to Beale and stated, "passenger visor" … "Ight I'm out y'all be safe and smart."

8. On or about April 13, 2021, GRULLON, Hogan, Beale, Stennett, Tippit, Mack, Green, and others both known and unknown entered a hotel room to confront B.A. for a drug debt he owed to Beale.

9. On or about April 13, 2021, Hogan pointed a firearm in the direction of B.A. and attempted to put the firearm in B.A.'s mouth.

10. On or about April 13, 2021, GRULLON hit B.A. multiple times in the head with a machete.

11. On or about April 13, 2021, GRULLON, Hogan, Beale, Stennett, Tippit, Mack, Green, and others both known and unknown forcibly removed from B.A. drug proceeds in the form of United States Currency, a cellular telephone, and a motor vehicle, to pay for the drug debt that B.A. owed Beale.

12. On or about April 13, 2021, Beale sent an electronic message to Kern that stated, "I got him." Kern replied, "Ok" and asked, "How scared is he," to which Beale responded, "N***** trying to s*** his pants."

13. On or about April 13, 2021, Kern sent an electronic message to Beale and stated, "Everything n everyone ok?" Beale responded "Yes."

14. On or about April 13, 2021, Kern sent an electronic message to Beale that asked, "You want a pound?" Beale responded, "Yes," and then sent Kern a video of GRULLON, Hogan, Beale, Stennett, Tippit, Green and others physically assaulting and robbing B.A.

15. On or about April 13, 2021, Kern sent an electronic message to Beale that stated, "I just watched that," and Beale responded, "Mandi n my ppl."

16. On or about April 13, 2021, Kern sent an electronic message to Beale that stated, "So you're baby sitting him now? ... He knows too much." Beale responded, "I can't kill him yet ... I gotta let him go."

17. On or about April 13, 2021, Kern sent an electronic message to Beale that stated, "I know," followed by another electronic message that stated, "Delete these messages."

18. On or about April 13, 2021, Kern sent electronic messages to Beale that stated, "Delete them all n unsend that video"..."Good job mfers gonna learn not to take shit that don't belong to them"... "N when he get locked he f*ckdx with all the Gs inside now too Lmaoooo to."

19. On or about April 13, 2021, Beale used a Facebook account to send a video of the assault and robbery of B.A. to Kern's Facebook account.

20. On or about May 4, 2021, Kern sent to HAMPTON the video of GRULLON, Hogan, Beale, Stennett, Tippit, Green and others physically assaulting and robbing B.A.

(In violation of Title 18, United States Code, Section 1951(a).)

## COUNT FOUR

(Interference with Commerce by Robbery)

On or about April 13, 2021, in the Eastern District of Virginia and elsewhere, defendants DONTE DEMILLE HAMPTON, a/k/a "Messiah," JOSEPH GRULLON, a/k/a "Jose," and co-conspirators Lauren Kern, a/k/a "Lolo," Benjamin Hogan, a/k/a "Sleepy," William Blake Stennett, Kenneth Eric Mack, Robert Tippit, Antonio Romya Beale, a/k/a "Suave," a/k/a "Sha Suave," and Mandi Marie Green, aided and abetted by each other and by others both known and unknown to the grand jury, did unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such

commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants, aided and abetted by each other and by others both known and unknown to the grand jury, did unlawfully take and obtain property consisting of U.S. currency, a car, and a cellular telephone belonging to B.A., from his person, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to B.A., who was at the time of the robbery engaged in interstate and foreign commerce with respect to the sale of illegal narcotics that moved in, and affected, interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 1951(a) and 2.)

## COUNT FIVE

(Possession of a Firearm in Furtherance of a Crime of Violence)

On or about April 13, 2021, in Norfolk, Virginia, within the Eastern District of Virginia, the defendants, DONTE DEMILLE HAMPTON, a/k/a "Messiah," JOSEPH GRULLON, a/k/a "Jose," and co-conspirators Lauren Kern, a/k/a "Lolo," Benjamin Hogan, a/k/a "Sleepy," William Blake Stennett, Kenneth Eric Mack, Robert Tippit, Antonio Romya Beale, a/k/a "Suave," a/k/a "Sha Suave," and Mandi Marie Green, aided and abetted by an individual known to the Grand Jury, did knowingly use, carry and brandish a firearm, during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is: interference with commerce by means of robbery, as charged in Count Four of this Superseding Indictment, which is incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

## COUNT SIX

(Possession of Firearms in Furtherance of a Drug-Trafficking Crime)

On or about June 9, 2021, within the Eastern District of Virginia and elsewhere, the defendant, DONTE DEMILLE HAMPTON, a/k/a "Messiah," aided and abetted by Deshawn Walker a/k/a "Drop" and by others both known and unknown to the grand jury did knowingly possess a firearm, and use and carry a firearm during and in relation to, a drug-trafficking crime for which he may be prosecuted in a court of the United States, to wit: Drug trafficking conspiracy, charged as Count One in this indictment, which is re-alleged and incorporated by reference herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

## COUNT SEVEN

(Conspiracy to Commit Wire Fraud)

### General Allegations

At all relevant times:

1.      Defendants DONTE DEMILLE HAMPTON, a/k/a "Messiah" (HAMPTON), co-conspirators Lauren Kern, a/k/a "Lolo" (Kern), Antonio Romya Beale, a/k/a "Suave" (Suave) a/k/a "Sha Suave, and co-conspirator 1 (CC-1) were residents of the Eastern District of Virginia. DONTE DEMILLE HAMPTON, a/k/a "Messiah" (HAMPTON), co-conspirators Lauren Kern, a/k/a "Lolo" (Kern), Antonio Romya Beale, a/k/a "Suave" (Suave) a/k/a "Sha Suave, co-conspirator 1 (CC-1), and co-conspirator 2 (CC-2) had ownership and/or control over and/or signatory authority for the relevant financial accounts at Wells Fargo, Bank of America, and Navy Federal Credit Union.

2. The Paycheck Protection Program (PPP) was a COVID-19 pandemic relief program administered by the Small Business Administration (SBA) that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent/mortgage, accounts payable and other bills incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

3. To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business, through its authorized representative, to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation and either had employees for whom it paid salaries and payroll taxes or paid independent contractors. A business applying for a PPP loan was required to provide documentation showing its payroll expenses, such as filed federal income tax documents.

4. PPP loan applications were electronically submitted or caused to be submitted by the borrower and received through SBA servers. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the business.

5. The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments. The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences, clothing, jewelry, to pay the

borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

6. Benworth Capital Partners, LLC ("Benworth Capital"), was a licensed mortgage lender, headquartered in Florida, and was a third-party participating lender in the PPP.

## CHARGE

7. The preceding paragraphs in the General Allegations are realleged and incorporated as if fully set forth herein.

8. From in or about April 2021 through in or about June 2021, in the Eastern District of Virginia and elsewhere, DONTE DEMILLE HAMPTON, a/k/a "Messiah" (HAMPTON), co-conspirators Lauren Kern, a/k/a "Lolo" (Kern), Antonio Romya Beale, a/k/a "Suave" (Suave) a/k/a "Sha Suave, co-conspirator 1 (CC-1), and co-conspirator 2 (CC-2) knowingly and intentionally combined, conspired, confederated and agreed with each other and with other persons known and unknown to commit the following offense: Wire Fraud, that is: having devised a scheme and artifice to defraud,, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted by wire communication in interstate commerce writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice.

9. The purpose of the conspiracy was for the named defendants and others to profit personally by obtaining money from PPP loans to which they were not entitled.

10. The ways, manner and means by which the defendants sought to accomplish this conspiracy included, but were not limited to, the following:

    a. It was part of the conspiracy for Hampton to obtain banking statements, tax records, and personal identifying information from Kern, Beale, and CC-1. Hampton then

11

would send CC-2 the information and documents using a messaging application which necessarily requires the use of the Internet. CC-2 then used the Internet to create fraudulent PPP bank loan applications for Kern and CC-1 through interstate wires to Benworth Capital Partners, LLC (Benworth Capital).

    b. It was part of the conspiracy for Hampton to pass messages and other requests from CC-2 to the other co-conspirators concerning the PPP bank loan applications, including demands that the co-conspirators provide photographs, information used to verify security questions, bank account numbers, user logins and passwords for other digital accounts, and also complete two-factor authentication checks.

    c. It was part of the conspiracy Hampton and CC-2 to conceal their involvement in the conspiracy by transferring the funds disbursed for the PPP loans between banking accounts that were nominally under the control of CC-1 and Kern, but which Hampton and CC-2 could access and control by logging into the account remotely using the Internet or by making withdrawals us

    d. It was part of the conspiracy that CC-2 caused to be submitted false and fraudulent IRS Form Schedule Cs.

    e. As a result of the conspiracy, the defendants received at least $40,000 in PPP loan benefits to which they were not entitled.

(In violation of Title 18, United States Code, Sections 1349, 1343.)

## CRIMINAL FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

    1. Defendant DONTE DEMILLE HAMPTON, if convicted of the violation alleged

in Count One of this Second Superseding Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

    a. Any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation;

    b. Any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation.

    2. Defendant DONTE DEMILLE HAMPTON, if convicted of the violation alleged in Count Two of this Second Superseding Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

    a. Any property constituting, or derived from, proceeds obtained directly or indirectly as the result of the violation;

    b. Any personal property used or intended to be used to commit the violation.

    3. The defendants, if convicted of any of the violations alleged in Counts Three, Four, and Seven of this Second Superseding Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

    4. The defendants, if convicted of any of the violations alleged in this Second Superseding Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunition involved in or used in the violation.

    5. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

6. The assets subject to forfeiture include, but are not limited to:

   a. A Glock, Model G17, 9mm semi-automatic pistol, including any related magazines and ammunition;

   b. A Kimber, Model Micro 9, 9mm semi-automatic pistol, including any related magazines and ammunition;

   c. A Smith & Wesson, Model SD40 VE, .40 caliber pistol, including any related magazines and ammunition;

   e. A Sig Sauer, Model P365XL, 9mm semi-automatic pistol, including any related magazines and ammunition;

   f. Roughly $5,553 in U.S. currency seized on June 10, 2021, from an address on Avenue J in Norfolk, Virginia.

(In accordance with Title 21, United States Code, Section 853; Title 18, United States Code, Sections 924(d)(1), 981(a)(1)(C), 982(a)(2)(B), and 1029(c)(1)(C); and Title 28, United States Code, Section 2461(c).)

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

*United States v. Donte Demille Hampton et al.*,
Criminal No. 2:21-cr-115

A TRUE BILL:

**REDACTED COPY**

_____
FOREPERSON

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
William B. Jackson
Anthony Mozzi
Assistant United States Attorneys
Graham Stolle
Special Assistant United States Attorney
Attorneys for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number: (757) 441-6331
Facsimile Number: (757) 441-6689
Email: william.jackson3@usdoj.gov
       anthony.mozzi@usdoj.gov
       graham.stolle2@usdoj.gov